**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION**

IN RE:

                                                          CASE NO. 19-61330
                                                                        Chapter 7

**CHARLES DOUGLAS ELDRIDGE
CARMELITA LYNN ELDRIDGE**

**DEBTOR(S)**

**JAMES WESTENHOEFER**
Trustee for Bankruptcy Estate of
**CHARLES DOUGLAS ELDRIDGE
AND CARMELITA LYNN ELDRIDGE**                          **PLAINTIFF**

**vs.**                                                                       **ADVERSARY NO. 19-06024**

**BANK OF THE WEST
CHARLES DOUGLAS ELDRIDGE**                                    **DEFENDANTS**
**CARMELITA LYNN ELDRIDGE**

## MEMORANDUM OPINION GRANTING SUMMARY JUDGMENT AGAINST DEFENDANT BANK OF THE WEST

Plaintiff James Westenhoefer requests a summary judgment that the lien of Defendant Bank of the West on a 2015 Rockwood Travel Trailer, VIN No. 4X4TRLF26F1863590, is not properly perfected. [ECF No. 24.] *See also* FED. R. CIV. PROC. 56, made applicable by FED. R. BANKR. PROC. 7056. The Plaintiff is the chapter 7 trustee who is using the trustee's strong-arm power to avoid the lien. 11 U.S.C. § 544(a). Default judgment was already granted against the other Defendants, the Debtors Charles Douglas Eldridge and Carmelita Lynn Eldridge. [ECF No. 26.]

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding, 28 U.S.C. § 157(b)(2)(k), and venue is proper, 28 U.S.C. § 1409. Summary judgment

is warranted if the moving party shows there are no genuine issues of material fact. *Id.*; *see also Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 251-52 (1986) (after assessing the proof, the determinative issue is "whether the evidence presents a sufficient disagreement to require submission to [the trier of fact] of whether it is so one-sided that one party must prevail as a matter of law.").

The parties agree on the facts necessary for the decision. The Debtors, Charles Douglas Eldridge and Carmelita Lynn Eldridge, have lived at 302 Skyview Bottom, Cumberland, Kentucky, for over twenty years. The Deed of Conveyance dated May 8, 1996, from Rockvine Baptist Church of Highway 119 to the Debtors, indicates that the property is "situated in Letcher County, Kentucky." [ECF No. 24-2, Exh. B.] The Deed was recorded in Deed Book 343, Page 449, in the Letcher County Clerk's Office. [*Id.*] Also, the Debtors pay their property taxes in Letcher County. [*Id.*]

On May 18, 2016, Debtor Charles Douglas Eldridge borrowed funds from the Defendant to purchase the Trailer. Mr. Eldridge told the Defendant he was a resident of Harlan County, Kentucky, and that is where the Defendant recorded its lien. [ECF No. 27-3, Exh. C.]

Both parties acknowledge that K.R.S. § 186A.190 requires the filing of the title lien in the county where Mr. Eldridge resides. *See Pierce v. Higgason*, 471 B.R. 876, 882 (6th B.A.P. 2012); *Schlarman v. Fifth Third Bank, Inc. (In re Sands),* 2008 Bankr.LEXIS 3064, *6 (Bankr.E.D.Ky.2008). The Trustee argues that the reference to Letcher County in the Deed and recording location confirms Mr. Eldridge resides in Letcher County. Also, the Debtors pay property taxes in Letcher County.

The Defendant points out that Mr. Eldridge claimed he was a resident of Harlan County when he purchased the trailer and signed the security instrument. [ECF No. 27-3.] The Debtor

Charles Douglas Eldridge also obtained his driver's license in Harlan County and that is where he votes. [ECF No. 27-2, Exh. B, and ECF No. 27-4, Exh. D.]

The documentation regarding Harlan County does not overcome the proof provided by the Deed and the payment of property taxes. Under Kentucky law, deeds "shall be recorded in the county clerk's office of the county in which the property conveyed, or the greater part thereof, is located." K.R.S. § 382.110(1). Kentucky law supports a conclusion that the Debtors had their residence in Letcher County for purposes of K.R.S. § 186A.190.

The Defendant also argues the Trustee must stand in the shoes of Mr. Eldridge and is charged with his alleged misstatements regarding his place of residence. But the Plaintiff, as chapter 7 trustee, has the same rights as a lien creditor without knowledge of any bad faith. 11 U.S.C. § 544(a). The Trustee's strong-arm powers insulate the Plaintiff from this argument.

The Plaintiff also makes an interesting practical point. Another creditor, GM Financial, perfected its lien in Letcher County. So at least one creditor perfected its lien consistent with this decision and should not suffer based on the Defendant's equitable arguments.

For the reasons stated herein, there is no genuine issue of material fact and the Plaintiff is entitled to judgement as a matter of law. The Defendant failed to properly perfect its lien and it is avoided for the benefit of the estate. 11 U.S.C. §§ 544(a); 550; 551.

___

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge**
**Dated: Tuesday, February 25, 2020**
**(grs)**